IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-08-131-M |
| ) | |
| CAN D. PHUNG, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MOTION TO QUASH DEFENDANT'S SUBPOENA DUCES TECUM**

COMES NOW, Travis White, Deputy General Counsel for the Oklahoma Bureau of Narcotics (hereinafter OBN), on behalf of the Custodian of Records for the OBN and presents this Motion to Quash Defendant's Subpoena Duces Tecum pursuant to *Federal Rules of Criminal Procedure, Rule 17(c)(2)* and offers the following brief in support thereof:

**I. The information sought may only be disseminated under specific circumstances as provided for by Oklahoma law.**

According to the *Federal Rules of Criminal Procedure, Rule 17(c)(2)*, a motion to quash a subpoena may be filed where "compliance would be unreasonable or oppressive." In the case at bar, it is respectfully submitted that compliance would be unreasonable for multiple reasons set forth below.

The Defendant seeks information contained within its "Prescription Monitoring Program" (hereinafter PMP) which is the central repository maintained by OBN in accordance with Oklahoma law. *See 63 O.S. §§2-309C, D, E and F*.

The Defendant has requested protected patient records alleged to be maintained by the PMP database for ten (10) specific patients from July 1, 2006 through the present.

The information sought may only be disclosed within very specific circumstances none of which are applicable here.

> A. The information collected at the central repository pursuant to the Anti-Drug Diversion Act <u>shall be confidential and shall not be open to the public</u>. <u>Access</u> to the information <u>shall be limited to</u>:
>
> 1. Peace officers certified pursuant to Section 3311 of Title 70 of the Oklahoma Statutes who are employed as investigative agents of the Oklahoma Bureau of Narcotics and Dangerous Drugs Control;
>
> 2. The United States Drug Enforcement Administration Diversion Group Supervisor;
>
> 3. The executive director or chief investigator, as designated by each board, of the following state boards:
>
> a. Board of Podiatric Medical Examiners,
>
> b. Board of Dentistry,
>
> c. Board of Pharmacy,
>
> d. State Board of Medical Licensure and Supervision,
>
> e. State Board of Osteopathic Examiners, and
>
> f. State Board of Veterinary Medical Examiners;
>
> provided, however, that the executive director or chief investigator of each of these boards shall be limited to access to information relevant to licensees of the employing board of such executive director or chief investigator; and

4. A multicounty grand jury properly convened pursuant to the Multicounty Grand Jury Act, Sections 350 through 363 of Title 22 of the Oklahoma Statutes.

B. This section shall not prevent the disclosure, at the discretion of the Director of the Oklahoma Bureau of Narcotics and Dangerous Drugs Control, of investigative information to peace officers and investigative agents of federal, state, county or municipal law enforcement agencies, district attorneys and the Attorney General in furtherance of criminal investigations or prosecutions within their respective jurisdictions, and to registrants in furtherance of efforts to guard against the diversion of controlled dangerous substances.

***C. Any unauthorized disclosure of any information collected at the central repository provided by the Anti-Drug Diversion Act shall be a misdemeanor. Violation of the provisions of this section shall be deemed willful neglect of duty and shall be grounds for removal from office.***

D. Notwithstanding the provisions of subsection B, registrants shall have no requirement or obligation to access or check the information in the central repository prior to dispensing or administering medications or as part of their professional practices. Registrants shall not be liable to any person for any claim of damages as a result of accessing or failing to access the information in the central repository and no lawsuit may be predicated thereon. Nothing herein shall be construed to relieve a registrant from any duty to monitor and report the sales of certain products pursuant to subsection E of Section 2-309C of this title.

*63 O.S. §2-309(D)*

As a result of the above language, it is clear that OBN has not the authority to disclose the information requested.

It is further anticipated by this author that said information should be available from alternative sources.  This author would state that he has been in contact with AUSA Randy Sengel of the United States Attorney's Office who

indicated that not only does he already possess the data being requested by the Defendant, but that an offer has been extended to the Defendant to view the data.

## CONCLUSION

Wherefore, OBN would respectfully request that its Motion be sustained and the aforementioned subpoena be quashed.

Respectfully Submitted,

s/Travis White
Susan Rogers, OBA#15497
Travis White, OBA #19721
Deputy General Counsel
Oklahoma Bureau of Narcotics
440 NE 39th Street
Oklahoma City, OK  73105

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was faxed to counsel for the above parties on the date of filing specifically as provided below:

Stephen Jones, OBA#4805
114 E. Broadway, Suite 1100
PO Box 472
Enid, OK 73702
Fax:   (580) 242-4556

s/Travis White
Travis White