# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. CR-08-131-M |
| | ) | |
| CAN D. PHUNG, | ) | |
| *Defendant*. | ) | |

## DEFENDANT CAN D. PHUNG'S RESPONSE TO MOTION TO QUASH DEFENDANT'S SUBPOENA DUCES TECUM

COMES NOW, Defendant Can D. Phung, through counsel, and respectfully submits this response to the Oklahoma Bureau of Narcotics' Motion to Quash Defendant's Subpoena Duces Tecum (Doc. 58), and states as follows:

## ARGUMENT AND AUTHORITY

1. The OBN cites a state statute in support of its motion to quash. While we concede that the Defendant is not one of the individuals listed in the statute authorizing disclosure, this is a federal trial and the Federal Rules of Evidence, Federal Rules of Criminal Procedure and the United States Constitution govern. Moreover, the federal judge in this case ordered disclosure; therefore, there is no liability in producing the relevant patient utilization reports.

2. The statute cited by the OBN does authorize disclosure to the prosecution. *See* 63 O.S., § 2-309D(B). This gives the prosecution an unfair advantage over the Defendant.

3. Clearly, this evidence is exculpatory and relevant, and the Government and

OBN should not be allowed to hide behind the statute. It is evident from the OBN's motion to quash that it has discussed the issue with AUSA Randy Sengel of the United States Attorney's Office. Aside from the fact that Defendant's motion and the Court's order was filed under seal, the OBN has been involved in the investigation of Defendant Phung. Agents from the OBN conducted witness and patient interviews and surveillance of Dr. Phung's medical practice.

4. In addition, the Government has misrepresented what it is the Defendant is requesting from the OBN. The Defendant is not seeking patient utilization reports on those prescriptions Dr. Phung wrote for his patients. To the contrary, the Defendant is requesting patient utilization reports on those patients named in the Indictment. What the Defendant is interested in seeing is what other physicians these patients saw, what complaints those patients made to those physicians and what those physicians prescribed them. This is clearly exculpatory and goes to the Defendant's defense that he dispensed pain medication in good faith based on a legitimate medical need.

5. The Government failed to provide the Defendant with valid addresses for these patients. Therefore, locating these patients, conducting interviews and obtaining medical releases from them has been almost impossible. An investigator for the defense has traveled to those addresses given by the Government, and the patients no longer live there. These patients have moved 2 or 3 times since. Our investigator has been unable to locate these

patients after months of investigation. This makes production by the OBN that much more significant.

6. This motion is made on the grounds that the Defendant cannot properly present his defense without production and inspection of the items sought.

7. If the President of the United States can be forced to turn over confidential documents, so can the OBN. *See United States v. Nixon*, 418 U.S. 683, 713, 94 S.Ct. 3090, 3110, 41 L.Ed.2d 1039 (1974).

8. "A subpoena for documents may be quashed if their production would be 'unreasonable or oppressive,' **but not otherwise**." *See Nixon*, 418 U.S. at 698, 94 S.Ct. at 3103 (emphasis added). A moving party must show (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend to unreasonably delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing" expedition. *See Nixon*, 418 U.S. at 699-700, 94 S.Ct. 3090, 3103 (advance production granted where tape recordings and documents relating to the President's conversations with aides and advisors were unavailable except from President, there was likelihood each tape contained conversations relevant to the offenses charged and there was valid potential evidentiary uses for the material). Dr. Phung has made this showing.

> The right to the production of all evidence at a criminal trial similarly has constitutional dimensions. The Sixth Amendment explicitly confers upon every defendant in a criminal trial the right "to be confronted with the witnesses against him" and "to have compulsory process for obtaining witnesses in his favor." Moreover, the Fifth Amendment also guarantees that no person shall be deprived of liberty without due process of law.

*See Nixon*, 418 U.S. at 711, 94 S.Ct. at 3109.

> [T]he allowance of the privilege to withhold evidence that is demonstrably relevant in a criminal trial would cut deeply into the guarantee of due process of law and gravely impair the basic function of the courts ...
>
> We conclude that when the ground for asserting privilege as to subpoenaed materials sought for use in a criminal trial is based only on the generalized interest in confidentiality, it cannot prevail over the fundamental demands of due process of law in the fair administration of criminal justice. The generalized assertion of privilege must yield to the demonstrated, specific need for evidence in a pending criminal trial.

*See Nixon*, 418 U.S. at 713, 94 S.Ct. at 3110.

9. Clearly, the patient utilization reports on the patients named in the Indictment are relevant and evidentiary. The Government alleges that Dr. Phung prescribed pain medication to these patients where there was no legitimate medical need for the medication. Dr. Phung needs these patient utilization reports to show that other physicians, who have not been criminally charged, prescribed the same pain medications to these same patients. If other physicians saw a legitimate medical need for the medication, it stands to reason that this evidence would support Dr. Phung's defense that he too dispensed pain medication to these same patients in good faith. It's no surprise the Government or OBN does not want the Defendant having access to such exculpatory evidence.

10. Dr. Phung has attempted to obtain these patient utilization reports by other methods, but he has been unsuccessful. As demonstrated above, an investigator for the defense has tried to locate these patients in an attempt to have them sign medical releases for the information. Only two patients have been located at this time. The problem with this strategy, setting aside the inordinate delay, expenses and time involved, is that the Defendant must rely on these patients to honestly tell the investigator who their other physicians are. Many of these patients have a criminal history of drug abuse. Many of them have presented forged prescriptions to pharmacies. The Defendant believes that these patients are cooperating witnesses for the Government, hoping to thwart a criminal prosecution by testifying against Dr. Phung in his criminal trial.

11. Absent production and review of the records identified herein, the Defendant may not present his defense fully. These documents are significant and paramount to the presentation of his defense at trial.

12. This Application is made in good faith and not for any dilatory purpose.

13. Absent the Court granting this Application, the Defendant will be denied the right to due process and equal protection. Further, the Defendant will be denied the right to subpoena power and the right to effective cross-examination and the right to effective counsel.

14. It took almost 6 weeks to get the Order signed by the Court. This was one of

the reasons the Court granted Defendant's request for a third continuance of this trial. The Court has ordered that these documents be produced by the OBN on December 1, 2008. Defendant contends that this Court should adhere to this schedule and require production by December 1, 2008. While the U.S. Attorney's Office provided defense counsel with some of the patient utilization reports only yesterday, there are still patient utilization reports for five (5) patients missing. Moreover, the Defendant requests that this Court order the OBN to produce the documents and enforce our subpoena against the OBN. This way there will be no question as to whether the OBN produced everything.

15. Each of the documents cited above are highly probative to the Defendant's defense and the cross-examination and impeachment of witnesses.

## CONCLUSION & PRAYER

WHEREFORE, counsel respectfully requests that the OBN's Motion to Quash the Defendant's Subpoena Duces Tecum be overruled and that the materials pursuant to the subpoena be furnished forthwith because they are material and necessary for the purpose of the preparation of the defense.

Respectfully Submitted,

   *s/ Stephen Jones*
Stephen Jones, OBA # 4805
Brooke Tebow, OBA # 20867
Jones, Otjen & Davis
114 E. Broadway, Suite 1100

P.O. Box 472
Enid, Oklahoma 73702
Phone: (580) 242-5500
Fax: (580) 242-4556
E-mail: sjones@stephenjoneslaw.com
***Attorneys for Can D. Phung***

## CERTIFICATE OF SERVICE

_____I hereby certify that on November 26, 2008, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants: **Travis White**, Deputy General Counsel for OBN.

                                         *s/ Stephen Jones*
                                         Stephen Jones