**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| vs.    ) | Case No. CR-08-131-M |
| ) | |
| CAN D. PHUNG,    ) | |
| ) | |
| Defendant.    ) | |

**ORDER**

Before the Court is Travis White, Deputy General Counsel for the Oklahoma Bureau of Narcotics ("OBN"), with a Motion to Quash Defendant's Subpoena Duces Tecum [docket no. 58], filed November 24, 2008.  On November 26, 2008, defendant filed his response, and on December 4, 2008, the government filed its response.  On December 5, 2008, defendant filed his reply to the government's response.  Based upon these submissions, the Court makes its determination.

Defendant seeks information contained within the Prescription Monitoring Program ("PMP") which is the central repository maintained by OBN in accordance with Oklahoma law.  Specifically, defendant has requested patient records alleged to be maintained by the PMP database for ten patients from July 2006 to present.

OBN asserts that the information sought by defendant's subpoena duces tecum may only be disseminated under specific circumstances under Oklahoma law, none of which are applicable here.  In response, defendant asserts this Court does have the authority to release prescription information for patients alleged to be part of the Indictment.  For its part, the government asserts that defendant is attempting to use Federal Rule of Criminal Procedure 17(c) to improperly obtain pretrial discovery in this case, when the rule was not intended to provide additional means of discovery.

Furthermore, the government contends that it has provided to defendant the PMP records for each of the individual patients identified in the Indictment.

In pertinent part, the Uniform Controlled Dangerous Substances Act provides:

> A. The information collected at the central repository pursuant to the Anti-Drug Diversion Act shall be confidential and shall not be open to the public. Access to the information shall be limited to:
>
> 1. Peace officers certified pursuant to Section 3311 of Title 70 of the Oklahoma Statutes who are employed as investigative agents of the Oklahoma Bureau of Narcotics and Dangerous Drugs Control;
>
> 2. The United States Drug Enforcement Administration Diversion Group Supervisor;
>
> 3. The executive director or chief investigator, as designated by each board, of the following state boards:
>     a. Board of Podiatric Medical Examiners,
>
>     b. Board of Dentistry,
>
>     c. Board of Pharmacy,
>
>     d. State Board of Medical Licensure and Supervision,
>
>     e. State Board of Osteopathic Examiners, and
>
>     f. State Board of Veterinary Medical Examiners;
>
> provided, however, that the executive director or chief investigator of each of these boards shall be limited to access to information relevant to licensees of the employing board of such executive director or chief investigator; and
>
> 4. A multicounty grand jury properly convened pursuant to the Multicounty Grand Jury Act, Sections 350 through 363 of Title 22 of the Oklahoma Statutes.
>
> B. This section shall not prevent the disclosure, at the discretion of the Director of the Oklahoma Bureau of Narcotics and Dangerous Drugs Control, of investigative information to peace officers and investigative agents of federal, state, county or municipal law

> enforcement agencies, district attorneys and the Attorney General in furtherance of criminal investigations or prosecutions within their respective jurisdictions, and to registrants in furtherance of efforts to guard against the diversion of controlled dangerous substances.
>
> C. Any unauthorized disclosure of any information collected at the central repository provided by the Anti-Drug Diversion Act shall be a misdemeanor. Violation of the provisions of this section shall be deemed willful neglect of duty and shall be grounds for removal from office.
>
> D. Notwithstanding the provisions of subsection B, registrants shall have no requirement or obligation to access or check the information in the central repository prior to dispensing or administering medications or as part of their professional practices. Registrants shall not be liable to any person for any claim of damages as a result of accessing or failing to access the information in the central repository and no lawsuit may be predicated thereon. Nothing herein shall be construed to relieve a registrant from any duty to monitor and report the sales of certain products pursuant to subsection E of Section 2-309C of this title.

Okla. Stat. tit. 63, §2-309(D). Furthermore, the United States Supreme Court has observed "[I]t was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). In short, "Rule 17(c) was not intended to provide an additional means of discovery." *Id.*

Having reviewed the instant submissions, the Court finds it is clear that OBN does not have the authority to disclose to defendant the information requested. Under the relevant statute, the Court finds that the evidence sought may only be disclosed from OBN in very specific circumstances, and none of those circumstances are applicable here. The Court, therefore, finds it unreasonable to force OBN to comply with the subpoena duces tecum given the mandates of the Oklahoma legislature.

Accordingly, the Court GRANTS the instant motion and QUASHES the instant subpoena duces tecum.

**IT IS SO ORDERED this 8th day of December, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE